

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | T*HE* C*ITY OF* N*EW* Y*ORK*<br>L*AW* D*EPARTMENT*<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **ZACHARY KALMBACH**<br>*Senior Counsel*<br>phone: (212) 356-2322<br>fax: (212) 356-3509<br>zkalmbac@law.nyc.gov |

August 21, 2024

**BY ECF**
Honorable Diane Gujarati
United States District Judge
United States District Court
U.S. District Court
225 Cadman Plaza East,
Brooklyn, New York 11201

        Re:    <u>Does, et al. v. The City of New York, et al.</u>,
                24 Civ. 4319 (DG)(MMH)

Your Honor:

      I represent interested party the Office of the Corporation Counsel in the above-referenced matter.[1]  This Office writes to respectfully request that the Court deny plaintiffs' request for a Certificate of Default because, *inter alia*, it is procedurally defective and none of the named City defendants have been properly served.  If Court finds that service on any City defendant was proper, this Office respectfully requests a *sua sponte*, *nunc pro tunc* enlargement of time to respond to the Complaint for all City defendants who have been properly served, to October 21, 2024 (the next business day after sixty days from today).  This is this Office's first such request.  The undersigned apologizes for the untimeliness of this request; this case was only recently assigned to me.

      By way of background, plaintiffs filed a Complaint as "John and Jane Does" in the Southern District of New York ("SDNY") on May 1, 2024, alleging multiple purported incidents ranging from 2019 to 2024, which allegedly occurred in Brooklyn, New York and Hudson County, New Jersey.  (ECF No. 1).  On May 8, 2024, the Honorable Margaret M. Garnett ordered plaintiffs to show cause "as to why the Court should not, (1) as to the Section 1983, 1985, and 1986 Claims and State Law Claims, sever and transfer the New Jersey claims to the District of New Jersey, and transfer the Brooklyn claims to the Eastern District of New York; and (2) as to the Civil RICO claims, transfer the claims to the District of New Jersey and Eastern District of New York, as appropriate, in the interests of justice."  (ECF No. 8).  On June 18, 2024, the case was severed, and the claims arising out of the alleged incidents said to have occurred in Brooklyn were transferred to the Eastern District of New York ("EDNY").  (ECF No. 12).  On July 22, 2024, and July 26,

---

[1] This case has been assigned to Assistant Corporation Counsel Zoe Reszytniak, who is awaiting admission to the Eastern District of New York.  Ms. Reszytniak is handling this matter under supervision and may be reached at (212) 356-2547 or zreszytn@law.nyc.gov.

2024, plaintiffs filed purported proof of service on some of the named City defendants. (ECF Nos. 15-18). On August 15, 2024, the plaintiffs filed a Request for Certificate of Default. (ECF No. 26).

The Court should deny plaintiffs' Request for Certificate of Default because it is procedurally defective, and no City defendants have been properly served. Federal Rule of Civil Procedure ("FRCP") 55 provides a "two-step process for obtaining a default judgment." Shenzhen Tepei Tech. Co. Ltd. v. Tparts, LLC, 2024 U.S. Dist. LEXIS 113833, at *4 (quoting Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011)). A "plaintiff must first obtain an entry of default when a defendant has failed to plead or otherwise defend" in an action." Id. (citing Fed. R. Civ. P. 55(a)). "Second, after the certificate of default is entered, and on the plaintiff's application, the district court may enter a default judgment." Id. (citing Fed. R. Civ. P. 55(b)); see also E.D.N.Y. Local Civ. R. 55.2(b).

The Court should deny plaintiffs' request for a Certificate of Default. As an initial matter, plaintiffs' Request for a Certificate of Default should be denied because it is defective. That is, it was not properly served on all parties against whom default was sought, in violation of Local Civil Rule 55.1(4). See id. Plaintiffs seek a Certificate of Default against thirteen (13) City defendants (id. at 1), but only avers the documents were served on ten (10) of those defendants (id. at 13). Moreover, plaintiffs failed to include the information required to be contained within a certificate of service for any of the City defendants. Instead, plaintiff attached a series of receipts from July of 2024, weeks prior to the filing of the Request for a Certificate of Default. (ECF No. 26 at 13-34).

Further, plaintiffs have failed to demonstrate that the requirements of FRCP 4 for service have been satisfied, in violation of Local Civil Rule 55.1(2). As a threshold matter, the City of New York, the Assistant District Attorney defendants and NYPD Sergeant Rosa, were not served with any papers at all. (ECF No. 15 at 1-6). The remaining City defendants for whom executed summonses were returned, and who are named in plaintiffs' Request for a Certificate of Default—Mayor Eric Adams, NYPD Commissioner Edward Caban, NYPD Chief of Internal Affairs Miguel Iglesias, Kings County District Attorney Eric Gonzales, Kings County Criminal Court Officers Supervisor "Major Brook," "Court Officer Lee," NYPD Officer Robert Gonzales, NYPD Officer John Siciliano, NYPD Lieutenant Daniel Loffedo, NYPD Officer Omar Guseynov, and NYPD Officer Emanuel Roberts—were not properly served. (ECF No. 16). Indeed, it appears that each of these defendants was served with summonses that were issued in the prior SDNY action (ECF No. 16), which was ordered to be closed on June 7, 2024 (ECF No. 11), well before plaintiff purportedly served the SDNY summonses on some of the defendants. The Court should direct plaintiff to file a new complaint in light of the SDNY procedure or, at a minimum, require plaintiff to serve summonses that correctly identify this EDNY action.

Insofar as the Court finds that service on any municipal defendant was proper, this Office respectfully requests that the Court grant such defendants a *nunc pro tunc*, *sua sponte* enlargement of time to respond to the Complaint for all City defendants who are deemed to have been properly served, to October 21, 2024.

      This extension is sought for two reasons. First, before the City defendants can adequately respond to the Complaint, and in accordance with this Office's obligations under Fed. R. Civ. P. 11, it will need time to investigate plaintiffs' extensive allegations. This Office is diligently working to complete its Rule 11 investigation, including searching for and obtaining relevant documents. However, as noted *supra*, this case was only recently assigned to me, and it will take time to investigate plaintiffs' claims—particularly given the extraordinarily long Complaint and where it is not even clear who the plaintiffs are. Moreover, some of the documents underlying plaintiffs' allegations may be sealed, and thus this Office is requesting from plaintiffs executed New York Criminal Procedure Law § 160.50 releases. Once plaintiffs provide the requested releases, it will take time for this Office obtain relevant documents, evaluate the claims in the Complaint accordingly, and properly respond to the allegations therein.

      Second, this extension will allow this Office time to conduct an inquiry to determine whether it will represent the individual City defendants. See General Municipal Law § 50(k); Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). As this Office has not yet discussed representation with the individual City defendants, this request for an extension of time is not made on their behalf; however, given the time involved in determining the representation of a City employee, and in the interest of judicial economy, this Office respectfully requests that the Court *sua sponte* extend the individual City defendants' time to respond to the Complaint to October 21, 2024.

      Accordingly, this Office respectfully requests that the Court: (1) deny plaintiffs' request for a Certificate of Default; and (2) to the extent the Court finds that plaintiffs' purported service on some of the municipal defendants was proper, *sua sponte* grant such defendants a *nunc pro tunc* extension of time to respond to the Complaint to October 21, 2024.

      Thank you for your time and consideration.

      Respectfully submitted,

/s/ *Zachary Kalmbach*

Zachary Kalmbach
*Senior Counsel*
Special Federal Litigation Division

CC:    VIA ECF
        All Counsel of Record